# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-165

| | |
|---|---|
| EQUI-TECH LABS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J. MITTON & ASSOCIATES, INC. d/b/a )<br>INTREPID INTERNATIONAL and )<br>JAMES MITTON, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on Plaintiff Equi-Tech Labs' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), (Doc. No. 13), with supporting memorandums (Doc. Nos. 14, 20). Additionally, this matter is before the Court on Defendants' Motion to Amend their response to the Complaint, Doc. No. 17), filed in response to Plaintiff's Motion. These Motions are ripe for decision. For the reasons subsequently stated, the Court GRANTS Defendants' Motion and DENIES Plaintiff's Motion as moot.

## BACKGROUND

Plaintiff filed suit against the above-named Defendants on April 12, 2010, alleging two claims for patent infringement. (Doc. No. 1). Defendant's answer, filed on October 18, 2010, asserts affirmative defenses and alleges counterclaims. (Doc. No. 9). The affirmative defenses contained in Paragraphs Twenty (20) and Twenty-one (21) allege that Plaintiff's patents are invalid. Id. Paragraph Twenty-two (22) asserts that Plaintiff's claims are barred by the doctrines of laches and/or estoppel. Id. Counterclaims One and Three seek declaratory judgment that Plaintiff's patents were invalid. Id. On November 9, 2010, Plaintiff filed a Motion to Dismiss and Strike the

aforementioned Affirmative Defenses and Counterclaims. (Doc. No. 13). In response, on December 20, 2010, Defendants filed a Motion for Leave to Amend their answer. (Doc. No. 17).

## DISCUSSION

Generally, an "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir.2001). Accordingly, because allowing Defendants to amend their answer would moot the Motion to Dismiss and Strike, the Court will address these issues in turn notwithstanding the fact these Motions were submitted in reverse order.

Pursuant to Rule 15(a)(2) of the Federal Rule of Civil Procedure, the Court should "freely give leave [to amend] when justice so requires."

> [The case of] Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir.1987).

This case is still in the early stages of discovery, and Defendants' request to amend was made well in advance of the March 23, 2011, deadline set forth in the scheduling order. (Doc. No. 22) The Court finds no reason why any of the parties would be unduly prejudiced by allowing the amendment, which seems to arise out of the same set of operative facts contained in the original answer. Accordingly, amendment of the response to the complaint shall be allowed.

Since the original answer is no longer in effect, Plaintiff's Motion to Dismiss and Strike the original answer is now moot. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956

(8th Cir. 2002) (noting that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot); Standard Chlorine of Del., Inc. v. Sinibaldi, 821 F.Supp. 232, 239-40 (D.Del. 1992) (noting that an amended complaint renders a motion to dismiss the original complaint moot). If appropriate, Plaintiff may renew their motion to dismiss once Defendants file the amended answer.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Leave to Amend contained in the response to the Motion to Dismiss and Strike (Docs. No. 17) is GRANTED. Defendants shall file their amended answer no later than Tuesday, July 12, 2011.[1] Finally, because Defendants are hereby permitted to amend their answer, Plaintiff's Motion to Dismiss and Strike (Docs. No. 19) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: June 30, 2011

Graham C. Mullen
United States District Judge

---

[1] If Defendants fail to serve the amended answer by this deadline, the Court will *sua sponte* reconsider the mootness of the motions to dismiss and will rule on them without a hearing.